IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACIFIC THOMAS CORPORATION,<br><br>Debtor | Case No. 19-cv-03385-MMC<br><br>Bankruptcy Court No. 14-54332 MEH |
| KYLE EVERETT, Chapter 11 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>RANDALL WHITNEY, et al.,<br><br>Defendants. | Adversary Proceeding No. 14-05114<br><br>**DECISION AFFIRMING ORDERS OF BANKRUPTCY COURT** |

Before the Court is appellant Randall Whitney's ("Whitney") appeal from a judgment entered May 28, 2019, in the United States Bankruptcy Court, in favor of Kyle Everett, the Chapter 11 trustee ("the Trustee") for the estate of debtor Pacific Thomas Corporation ("the Debtor"), and against Pacific Trading Ventures ("PTV"). Having read and considered the parties' respective briefs and the record on appeal, the Court rules as follows.

**BACKGROUND**

On August 6, 2012, the Debtor filed a petition for bankruptcy protection pursuant to Chapter 11 of the Bankruptcy Code (see In re Pacific Thomas Corporation, Case No. 12-46534 MEH, Doc. No. 1), and, on January 16, 2013, Kyle Everett was appointed the Trustee of the bankruptcy estate (see id. Doc. No. 220).

Thereafter, on April 11, 2013, the Trustee commenced an adversary proceeding

against Whitney, the Chief Operating Officer of the Debtor, as well as against PTV and Jill Worsley, the Chief Operating Officer of PTV. (See Everett v. Whitney, Adversary Case No. 14-05114 MEH, Doc. 1.)[1] In the complaint, the Trustee sought the following relief: (1) a declaration that certain lease agreements between the Debtor and PTV were "null and void" and that a "Management Agreement" between the Debtor and PTV was "effective" (see Doc. 1 ¶¶ 22, 24); (2) an accounting as to "the income generated by" and "the expenses incurred in connection with" the Debtor's self-storage business (see Doc. 1 ¶¶ 28, 40); (3) an order requiring the defendants to "turn over" any property of the Debtor in their possession (see Doc. 1 ¶¶ 42-44); and (4) an injunction prohibiting defendants from interfering with the Trustee's "accessing" and "taking possession of" the Debtor's business location ("the Premises"), from interfering with "any of the tenants or lessees of the Premises," and from "withholding any assets, rents, books, and records relating to Premises" (see Doc. 1 ¶ 47; see also Doc. 1 ¶ 48).

      In April 2014, the bankruptcy court conducted a trial on the Trustee's claims against PTV,[2] and subsequently issued a decision and entered judgment thereon. (See Doc. Nos. 210, 211). Specifically, the bankruptcy court found the Trustee was entitled to (1) a declaratory judgment that the leases between the Debtor and PTV were "signed but never effectuated" and that the Debtor and PTV "operated under the Management Agreement," (2) a monetary judgment against PTV in the amount of $566,685, and (3) a permanent injunction requiring all defendants, including Whitney, to, inter alia, turn over to the Trustee any rents they later obtained, provide access to the Premises and the Debtor's records, and not interfere with the Trustee's management of the Premises. (See Doc. No. 211.)

      On March 27, 2018, the Ninth Circuit vacated the judgment to the extent it was

---

[1] All further citations to docket entries are to Everett v. Whitney, Adversary Proceeding No. 14-05114-MEH.
[2] Shortly before trial, the Trustee withdrew in its entirety his claim for an accounting. (See Doc. No. 147 at 2.)

challenged on appeal,[3] and remanded the matter for further proceedings on the issues of the validity of the leases between the Debtor and PTV and the amount of the turnover award entered against PTV.  See In re Pacific Thomas Corporation, 716 F. App'x 698, 699 (9th Cir. 2018).  Thereafter, the bankruptcy court conducted a bifurcated trial.  In the first phase, the bankruptcy court considered whether the lease agreements between the Debtor and PTV were valid, and found "PTV and [the Debtor] mutually rescinded" the leases, i.e., the leases did not govern the relationship between PTV and the Debtor. (See Doc. No. 264 at 8:1-2.)  In the second phase, the bankruptcy court considered the amount PTV owed to the Trustee, and found the Trustee established his entitlement to a monetary award in the amount of $224,608, which amount PTV was entitled to "offset" by "its allowed management fee of $109,225."  (See Doc. No. 327 at 17.)  A judgment consistent with those findings was entered May 28, 2019 (see Doc. No. 328).

## DISCUSSION

By the instant appeal, Whitney, proceeding pro se, challenges two decisions made by the bankruptcy court during the course of the retrial, at which time he likewise proceeded pro se.  First, Whitney argues the bankruptcy court erred in denying a motion for disqualification and, second, Whitney argues the bankruptcy court erred in finding Whitney lacked standing to bring a motion in limine to challenge the admissibility of evidence the Trustee had indicated he would offer in the second phase of the bifurcated trial.  The Court considers Whitney's arguments in turn.

**A.  Denial of Motion to Disqualify**

"Rulings on motions for recusal are reviewed under the abuse-of-discretion standard."  United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012).  "An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, [or] a judgment that is clearly against the logic and effect of the facts as are found."  See

---

[3] Defendants, including Whitney, did not challenge the judgment to the extent it awarded injunctive relief to the Trustee.

International Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 822 (9th Cir. 1993) (internal quotation and citation omitted); see also Harman v Apfel, 211 F.3d 1172, 1175 (9th Cir. 2000) (holding, "[n]ormally, the decision of a trial court is reversed under the abuse of discretion standard only when the appellate court is convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances").

Here, during the first phase of the bifurcated proceedings, Whitney filed a motion titled "Motion – Disqualification of Bankruptcy Judge Due to Bias or Prejudice," in which he sought an order of disqualification under 28 U.S.C. § 455(a) and § 455(b)(1).[4] After the motion was fully briefed, the bankruptcy court considered the matter at a hearing conducted August 20, 2018, at which time the bankruptcy court orally denied the motion, finding no grounds existed to warrant disqualification.[5]

Section 455, in relevant part, provides:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

See 28 U.S.C. § 455.

In his motion, Whitney first sought disqualification in light of undisputed evidence that the bankruptcy judge attended, and was "a keynote speaker" at, the California Bankruptcy Forum's 30th Annual Insolvency Conference, held in May 2018, a conference

---

[4] The motion also cited to 28 U.S.C. § 144. As § 144 "applies only to district court judges and not to bankruptcy court judges," see In re Smith, 317 F.3d 918, 932 (9th Cir. 2002), and Whitney has not relied on § 144 in his appellate briefing, the Court does further address that statute herein, see id. (holding "bankruptcy court judges are subject to recusal only under 28 U.S.C. § 455").

[5] Thereafter, the bankruptcy court issued a written order denying the motion "[f]or the reasons more fully stated on the record at the hearing." (See Doc. No. 263.)

also attended by the Trustee and his counsel of record.  (See Doc. No. 256 at 2.) According to Whitney, disqualification was warranted because the Trustee and his counsel's attendance at the conference "provided [them] with an exclusive ex parte communication and unbridled access which could convey the impression that they [were] in a special position to influence the judge concerning this case."  (See id.)

The bankruptcy court found its participation in the above-referenced conference, which it noted was open to the public, was consistent with the strictures of the Code of Conduct for United States Judges, and, as such, did not warrant disqualification.  For the reasons discussed below, this Court agrees.

As set forth in Canon 4, on which the bankruptcy court relied, "[a] judge may speak, write, lecture, teach, and participate in other activities concerning the law, the legal system, and the administrative of justice," see Code of Conduct for United States Judges at 13,[6] provided such activities do not, inter alia, "interfere with the performance of the judge's official duties" or "reflect adversely on the judge's impartiality," see id. at 12.

In the instant case, Whitney offered no evidence to even suggest the bankruptcy judge engaged in any type of ex parte communication with the Trustee or his counsel.  The Court thus understands Whitney to have relied on the theoretical possibility that such communication could have occurred.  In the absence of something more than speculation, however, the Court finds there was no abuse of discretion in the bankruptcy court's determination that its attendance at the conference did not warrant disqualification.  As recognized in the Commentary to Canon 4, "[c]omplete separation of a judge from extrajudicial activities is neither possible nor wise," a judge being in "a unique position to contribute to the law, the legal system, and the administration of justice."  See id. at 16.  Indeed, judges are "encouraged" to so contribute, "either independently or through a bar association, judicial conference, or other organization

---

[6] The Canon is available in PDF form at http://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges#c.

dedicated to the law."  See id.

      Whitney additionally sought disqualification on the ground that the bankruptcy court, over the course of the lengthy bankruptcy proceedings, had issued rulings adverse to him.  In finding such argument did not warrant disqualification, the bankruptcy court observed that, although there had been "numerous rulings contrary to Mr. Whitney's request," he had "succeeded on several claims as well," that a number of orders in the bankruptcy proceedings had been appealed and, with one exception, each had been affirmed, and that the bankruptcy judge's "only exposure ha[d] been through the course of these proceedings," in order words, no information about Whitney or the case had been obtained from an extrajudicial source.  (See Doc. No. 362 at 7-8.)

      Under the circumstances, the Court again finds the bankruptcy court's determination was not an abuse of discretion.  Although, the Supreme Court, in Liteky v. United States, 510 U.S. 540 (1994), left room for disqualification based on events occurring during the course of judicial proceedings, it made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and "can only in the rarest of circumstances evidence the degree of favoritism or antagonism required," specifically, where "judicial remarks . . . reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  See id. at 555-56 (finding, where motion to disqualify was based on judge's adverse rulings, "admonishment[s]" of movant's counsel, use of an "anti-defendant tone," and "cutting off" allegedly relevant witnesses, "[n]one of the grounds petitioners assert[ed] required disqualification").

      Here, Whitney points to nothing said or done by the bankruptcy court, either while on the bench or in a written order, that can be characterized as evidencing deep-seated favoritism or unequivocal antagonism.  The orders Whitney characterizes as evidence of "bias or prejudice" (see Doc. No. 256 at 2, 3) merely set forth determinations of fact and/or law with which Whitney disagrees, and "the recusal statute was never intended to enable a discontented litigant to oust a judge because of adverse rulings," see Liteky, 510 U.S. at 549 (internal quotation and citation omitted).

1    Accordingly, the bankruptcy court did not err in denying Whitney's motion for
2 disqualification.

3 **B. Ruling as to Lack of Standing to Bring Motion in Limine**

4    Standing issues are determined "de novo," see Buono v. Norton, 371 F.3d 543,
5 546 (9th Cir. 2004), meaning the reviewing court does "not defer to the lower court's
6 ruling, but freely consider[s] the matter anew, as if no decision had been rendered
7 below," see United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988).

8    Here, on the morning of the second phase of the retrial, Whitney filed a motion in
9 limine, whereby he sought an order "exclud[ing] from trial any and all testimony and
10 evidence sourced from the PTV Quickbooks and offered by [the Trustee] which was not
11 properly authenticated" or "disclosed." (See Doc. No. 306 at 17.) The bankruptcy court
12 denied Whitney's motion in limine, finding he lacked standing to object to the introduction
13 of evidence in the second phase "because there [was] no claim to be determined against
14 [him]." (See Doc. No 364 at 12:5-12; see also id. at 29:3-31:5.)

15    As the Ninth Circuit has held, "[a] party must assert his own legal rights and
16 interests, and cannot rest his claim on the legal rights or interest of third parties." See
17 United States v. Viltrakis, 108 F.3d 1159, 1160 (9th Cir. 1997). In this instance, the sole
18 issue before the bankruptcy court in the second phase was the amount, if any, PTV owed
19 the Trustee. Consequently, Whitney lacked standing to challenge the admissibility of
20 evidence the Trustee sought to introduce to support the Trustee's claim against PTV.
21 See, e.g., In re Grand Jury Subpoenas Dated December 10, 1987, 926 F.2d 847, 852
22 (9th Cir. 1991) (finding movant "lack[ed] standing to challenge" subpoena served on other
23 individual). The only party with standing to object to such evidence was PTV, and,
24 indeed, PTV, through its counsel, did make a motion in limine similar to that made by
25 Whitney, which motion the bankruptcy court addressed on its merits.[7]

---

[7] The bankruptcy judge denied PTV's motion in limine, finding the material the Trustee sought to introduce constituted a summary of voluminous entries contained in the above-referenced "Quickbooks," and, as such, was admissible under Rule 1006 of the Federal Rules of Evidence. (See Doc. No. 364 at 31:9-33:7). Although PTV

United States District Court
Northern District of California

Accordingly, the bankruptcy court did not err in denying Whitney's motion in limine.

**CONCLUSION**

For the reasons stated above, the bankruptcy court's orders denying Whitney's motion for disqualification and motion in limine are hereby AFFIRMED.

**IT IS SO ORDERED.**

Dated: October 13, 2021

MAXINE M. CHESNEY
United States District Judge

---

subsequently filed an appeal from the judgment, PTV did not argue on appeal that the bankruptcy court erred when it denied PTV's motion in limine.  See Everett v. Pacific Trading Ventures, Ltd., 2021 WL 4476781 (September 30, 2021 N.D. Cal.).